IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JUDITH DONES** <br> 1827 E Airdrie Street Philadelphia, PA 19124 <br><br> **Plaintiff**, <br><br> v. <br><br> **TUCKER OPERATING, LLC**, <br> 6212 Walnut Street, Philadelphia, PA 19139 <br><br> **TH OPERATING, LLC**, <br> 1001 Wallace Street, Philadelphia, PA 19123 <br><br> **TUCKER HOUSE NURSING AND REHABILITATION CENTER PA, L.P.**, <br> 201 N Presidential Blvd, Bala Cynwyd, PA 19004 <br><br> **TUCKER HOUSE II, INC.**, <br> 1001 Wallace Street, Philadelphia, PA 19123 <br><br> **TUCKER HOUSE AUXILIARY, INC.**, <br> 1001 Wallace Street, Philadelphia, PA 19123 <br><br> and <br><br> **BEDROCK CARE, LLC** <br> 974 Route 45, Suite 1200, Pomona, NY 10970 <br><br> **Defendants**. | Civil Case No. _____ <br><br><br> *JURY TRIAL DEMANDED* |

**COMPLAINT – CIVIL ACTION**

Plaintiff, Judith Dones ("Plaintiff"), by and through her undersigned attorney, for her Complaint against Defendant Tucker Operating, LLC and Defendant Bedrock Care (collectively, "Defendants"), alleges as follows:

1

## INTRODUCTION

1. Plaintiff initiates this action contending Defendants violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq.*, and the Philadelphia Fair Practices Ordinance ("PFPO"), Phila. Code. §9-1101, *et seq.*, by failing to provide reasonable accommodation(s) to Plaintiff as well as by discriminating against Plaintiff and terminating her employment because of her actual and/or perceived disabilities, because of her record of impairment/disability, and in retaliation for her requesting/requiring reasonable accommodation.

2. Defendants' violations of the ADA, PHRA and PFPO have caused Plaintiff to suffer damages as set forth herein.

## PARTIES

3. Plaintiff, Judith Dones, is a citizen of the United States and the Commonwealth of Pennsylvania, who currently resides at 1827 E Airdrie Street, Philadelphia, PA 19124.

4. Upon information and belief, Defendant Tucker Operating, LLC is a Pennsylvania company with a registered office address of 6212 Walnut Street, Philadelphia, PA 19139.

5. Upon information and belief, Defendant TH Operating, LLC is a Pennsylvania company with a registered office address of 1001 Wallace Street, Philadelphia, PA 19123.

6. Upon information and belief, Defendant Tucker House Nursing and Rehabilitation Center, Pa, L.P. is a Pennsylvania business with a registered office address of 201 N Presidential Blvd, Bala Cynwyd, PA 19004.

7. Upon information and belief, Tucker House II, Inc. is a Pennsylvania corporation with a registered office address of 1001 Wallace Street, Philadelphia, PA 19123.

8. Upon information and belief, Tucker House Auxiliary Inc. is a Pennsylvania corporation with registered office address of 1001 Wallace Street, Philadelphia, PA 19123.

9. Upon information and belief, Defendant Bedrock Care LLC is a New York company with a business address of 974 Route 45, Suite 1200, Pomona, NY 10970.

10. Upon information and belief, Defendants jointly and collectively operate, own, and manage the Tucker House Nursing and Rehabilitation Center ("Tucker House") located at 1001 Wallace Street, Philadelphia, PA 19123 and jointly and collectively control and manage the employees of Tucker House.

11. Accordingly, upon information and belief, Defendants constitute joint, integrated, and/or single employer(s) with respect to the employees of Tucker House.

## JURISDICTION AND VENUE

12. Paragraphs 1 through 11 are hereby incorporated by reference as though the same were fully set forth at length herein.

13. On or about September 7, 2024, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), which was dual-filed with the Pennsylvania Human Relations Commission ("PHRC"), thereby satisfying the requirements of 42 U.S.C. § 2000e5(b) and (e).

14. Plaintiff's EEOC Charge was docketed as EEOC Nos. 530-2024-09232 and 530-2024-09233 and was filed within one-hundred and eighty (180) days of the unlawful employment practice(s).

15. By correspondence dated September 19, 2025, Plaintiff received two Notice of Right to Sue from the EEOC regarding her Charge, advising her that she had ninety (90) days to file suit against Defendants.

16. Plaintiff filed the instant action within the statutory time frame applicable to her claims.

17. Plaintiff has therefore exhausted her administrative remedies and has complied with all conditions precedent to maintaining this action.

18. This action is authorized and initiated pursuant to the ADA, PFPO, and the PHRA.

19. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as it is a civil rights action arising under the laws of the United States.

20. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, as those claims arise out of the same common nucleus of operative fact as his federal claims.

21. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as Defendants do business herein and the unlawful practices of which Plaintiff is complaining were committed herein.

**FACTUAL BACKGROUND**

22. Paragraphs 1 through 21 are hereby incorporated by reference as though the same were fully set forth at length herein.

23. Plaintiff began her employment with Defendants on or about June 13, 2022 as a Certified Nursing Assistant ("CNA"), working at Tucker House.

24. Throughout her employment, Plaintiff performed her job well, receiving positive reviews of her performance, occasional praise, and no justifiable discipline.

25. On or about October 28, 2023, Plaintiff was unexpectedly hospitalized due to stroke-like symptoms.

26. Plaintiff's primary care provider referred her to a neurologist and determined Plaintiff should take a medical leave of absence from work until she could be evaluated and cleared by the neurologist.

27. Accordingly, Plaintiff requested leave from Defendants and provided supporting documentation from her doctor.

28. Additionally, while on leave, Plaintiff provided doctors' notes and updates to her supervisor after each medical appointment.

29. Plaintiff was ultimately diagnosed with several medical conditions, including, but not limited to, Functional Neurological Disorder ("FND"), Hydrocephalus, Intractable Chronic Migraines, Anxiety, which render Plaintiff a qualified individual with a disability within the meaning of the ADA, PHRA, and PFPO.

30. On or about April 24, 2024, Plaintiff had an appointment with her neurologist, Belle English, MD ("Dr. English"), during which they discussed Plaintiff's return to work.

31. Dr. English advised that Plaintiff should request accommodations to enable her to return to work without aggravating her symptoms.

32. Dr. English recommended light duty or a reduced schedule as potential accommodations, but Plaintiff was also open and willing to discussing other potential accommodations as well.

33. After Plaintiff's appointment, she called Defendants' Human Resources ("HR") department several times to request accommodations, but had to leave voicemail messages.

34. Defendants did not return any of Plaintiff's calls, so the following day, Plaintiff went to Tucker House to speak in-person with HR.

35. Plaintiff spoke with Defendants' HR Specialist, Yemithsou Chery ("Ms. Chery"), and asked about accommodations and light duty.

36. Ms. Chery claimed that Defendants did not offer light duty.

37. Ms. Chery then claimed Defendants' system showed Plaintiff had been terminated on March 18, 2024, despite Defendants never having communicated to Plaintiff that she had been terminated.

38. When Plaintiff asked Ms. Chery why she had not been notified of the termination, Ms. Cherry said, "oh maybe they terminate you after you've been on leave for a certain amount of time."

39. Defendants evidently terminated Plaintiff pursuant to an unlawful automatic termination policy, in retaliation for requesting/requiring accommodations, and/or because of her disability.

40. Defendants later sent Plaintiff a letter dated May 1, 2024, stating she had been terminated on April 18, 2024 and referencing Plaintiff's medical leave.

41. In light of the foregoing, it is believed, and therefore averred that Defendants terminated Plaintiff's employment because of her actual an/or perceived disabilities, because of her record of impairment, and because she required and requested accommodations.

42. Additionally, it is believed and averred that Defendants failed to accommodate Plaintiff and failed to engage in the interactive process.

43. As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, benefits and potential benefits, and earnings and earnings potential; as well as Plaintiff has also suffered other

economic damages, mental anguish, emotional pain and suffering, emotional distress, humiliation, and damage to reputation and career.

## COUNT I
## AMERICANS WITH DISABILITIES ACT ("ADA")
## 42 U.S.C. 12101, *et seq.*
## UNLAWFUL DISCRIMINATION, RETALIATION, & FAILURE TO ACCOMMODATE

44. Paragraphs 1 through 43 are hereby incorporated by reference, as though the same were fully set forth at length herein.

45. Plaintiff is a qualified individual with a disability within the meaning of the ADA.

46. Defendants were aware of Plaintiff's disabilities and/or regarded Plaintiff as being disabled.

47. Plaintiff provided notice to Defendants of her need for reasonable accommodation(s) for her disabilities. .

48. Defendants violated the ADA by discriminating and retaliating against Plaintiff and terminating her employment because of her actual and/or perceived disabilities, her record of impairment/disability, and her requests and need for reasonable accommodation(s).

49. Further, Defendants violated the ADA by failing to accommodate Plaintiff and failing to engage in the interactive process.

50. As a result of Defendants' deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, earnings, and benefits as well as other economic damages, mental anguish, emotional distress, humiliation, and damage to reputation and career.

**WHEREFORE**, as a result of the unlawful conduct of the Defendants, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants, and grant her the maximum relief allowed by law, including, but not limited to:

    A. Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

    B. Monetary compensation for the amounts expended by Plaintiff on health insurance premiums, coverage, and care;

    C. Punitive and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

    D. Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this matter;

    E. Pre-judgment interest in an appropriate amount; and

    F. Such other and further relief as is just and equitable under the circumstances.

    G. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

## COUNT II
## PENNSYLVANIA HUMAN RELATIONS ACT ("PHRA")
## 43 P.S. § 951, *et seq.*
## UNLAWFUL DISCRIMINATION, RETALIATION, & FAILURE TO ACCOMMODATE

    51. Paragraphs 1 through 50 are hereby incorporated by reference, as though the same were fully set forth at length herein.

    52. Plaintiff is a qualified individual with a disability and/or handicap within the meaning of the PHRA.

    53. Defendants were aware of Plaintiff's disability/handicap, record of disability/handicap, and/or regarded Plaintiff as having a disability or handicap.

8

54. Plaintiff provided notice to Defendants of her need for reasonable accommodation(s) for her disabilities. Defendants violated the PHRA by discriminating and retaliating against Plaintiff and terminating her employment because of her actual and/or perceived disability/handicap, her record of impairment/disability/handicap, and her requests and need for reasonable accommodation(s).

55. Further, Defendants violated the PHRA by failing to accommodate Plaintiff and failing to engage in the interactive process.

56. As a result of Defendants' deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, earnings, and benefits as well as other economic damages, mental anguish, emotional distress, humiliation, and damage to reputation and career.

57. The conduct described above constitutes a violation of the PHRA and affords Plaintiff the opportunity to seek any and all remedies available under said Act.

**WHEREFORE**, as a result of the unlawful conduct of the Defendants, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants, and grant her the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, and bonuses in amounts to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B. Compensatory damages in amounts to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00)

C. Monetary compensation for the amounts expended by Plaintiff on health insurance premiums, coverage, and care;

D. Punitive and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

E. Pre-judgment interest in an appropriate amount; and

F. Such other and further relief as is just and equitable under the circumstances;

G. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

## COUNT III
## PHILADELPHIA FAIR PRACTICES ORDINANCE ("PFPO")
### Phila. Code § §9-1101, *et seq.*
## UNLAWFUL DISCRIMINATION, RETALIATION, & FAILURE TO ACCOMMODATE

58. Paragraphs 1 through 58 are hereby incorporated by reference as though the same were fully set forth at length herein.

59. Plaintiff is a qualified individual with a disability and/or handicap within the meaning of the PFPO.

60. Defendants were aware of Plaintiff's disability/handicap, record of disability/handicap, and/or regarded Plaintiff as having a disability or handicap.

61. Plaintiff provided notice to Defendants of her need for reasonable accommodation(s) for her disabilities. Defendants violated the PFPO by discriminating and retaliating against Plaintiff and terminating her employment because of her actual and/or perceived disability/handicap, her record of impairment/disability/handicap, and her requests and need for reasonable accommodation(s).

62. Further, Defendants violated the PFPO by failing to accommodate Plaintiff and failing to engage in the interactive process.

10

63. As a result of Defendants' deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, earnings, and benefits as well as other economic damages, mental anguish, emotional distress, humiliation, and damage to reputation and career.

**WHEREFORE**, as a result of the unlawful conduct of the Defendants, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants, and grant her the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, and compensatory damages in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B. Punitive damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

C. Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

D. Pre-judgment interest in an appropriate amount;

E. Such other and further relief as is just and equitable under the circumstances; and

F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

## JURY DEMAND

**Plaintiff hereby demands a trial by jury as to all issues so triable.**

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | **MURPHY LAW GROUP, LLC** |
| Date: November 25, 2025 | */s/ Jake Daniel Novelli, Esq.* |
|  | Jake Daniel Novelli, Esquire |
|  | Michael Murphy, Esquire |
|  | 1628 John F. Kennedy Blvd., Suite 2000 |
|  | Philadelphia, PA 19103 |
|  | TEL: 267-273-1054 |
|  | FAX: 215-525-0210 |
|  | jnovelli@phillyemploymentlawyer.com |
|  | murphy@phillyemploymentlawyer.com |
|  | *Counsel for Plaintiff* |

## **DEMAND TO PRESERVE EVIDENCE**

The Defendants are hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to Plaintiff's potential claims and her claims to damages, to any defenses to same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.